---
Clark *v.* Hill.
---

## CLARK *v.* HILL.

### (*Nashville.* March 5, 1897.)

WILL. *Giving absolute estate.*

An absolute estate in the testator's wife, free from any trust, is created by a will giving to her all his estate, with a request that, if at her death any of the property is unconsumed, she shall give a specified amount to a designated person, but providing that it is to be hers to dispose of as she sees proper, and that only in the event that there is more than will be necessary for her wants and needs is she to give such an amount.

Cases cited: Anderson *v.* McCullough, 3 Head, 613; Anderson *v.* Hammond, 2 Lea, 281; Pillow *v.* Rye, 1 Swan, 185; Downing *v.* Johnson, 5 Cold., 229; McGavock *v.* Pursly, 1 Tenn. Chy., 411; Bradley *v.* Carnes, 94 Tenn., 27.

---
FROM WILSON.
---

Appeal from Chancery Court of Wilson County. A. B. MARTIN, Sp. Ch.

McCLAIN & McKENZIE for Clark.

TARVER & GOLLADAY for Hill.

WILKES, J. The controversy in this case is over the proper construction of the will of Addison Askins. So much of it as is necessary to be re-

ferred to, is in the following words: "I and my beloved wife, Caroline, have been married now more than 54 years. God has blessed us with a long and happy life. What I now own, she has by her industry and economy assisted me in acquiring, and in making this will it is my main object to provide for her. I therefore give to her all my estate, both real and personal, of every kind and character. If at her death she should have unconsumed any of said property, I desire and request that she give to Mrs. John B. Clark the sum of $200. But this provision in favor of Mrs. Clark is in no way to interfere with the enjoyment of said property by my wife. It is to be hers to dispose of as she sees proper, and only in the event there is more than will be necessary for her wants and needs, is she to give the $200 to Mrs. Clark."

The bill is filed by Mrs. John B. Clark and her husband for the construction of the will, and a judgment is prayed against the administrator of Mrs. Askins for the $200 and interest. Mrs. Askins, the widow of Addison Askins, made her will also, and in it gave to Mrs. McGee sundry notes aggregating $1,850, a horse and buggy, and some household goods, but made no disposition of her other property, which the bill charges amounted to $500 or $600, largely more than sufficient to pay the $200 to Mrs. Clark.

The bill proceeds upon the idea that a trust in

favor of Mrs. Clark was impressed upon the estate given to Mrs. Askins, dependent alone upon the question whether all the estate would be consumed by the wants and needs of the first taker; and it is said that Mrs. Askins often spoke of it as a charge fixed upon the estate in favor of Mrs. Clark, which it was her desire and duty to preserve, and that she left a portion of her estate undisposed of in order to meet this charge. There is, however, nothing in the will of Mrs. Askins in regard to this legacy of $200, and no provision made for Mrs. Clark.

There was a demurrer to the bill, which raised the questions (1) whether the testator, Addison Askins, gave an absolute estate to his wife, Caroline Askins, under the terms of the will; (2) whether the complainants have any interest in the estate which they can enforce by law; and, (3) whether there was a complete gift to complainants of $200 or any other sum.

These grounds can all be grouped under the one head—that is, whether Addison Askins gave an absolute estate to his wife under his will, or impressed it with a valid trust in favor of Mrs. Clark to the extent of $200.

The Chancellor construed the will as giving to Mrs. Askins, the first taker, an absolute estate, and he denied complainant any relief. The Court of Chancery Appeals reversed the holding of the Chancellor, and held that a valid trust was created in

Clark v. Hill.

favor of Mrs. Clark to the extent of $200; that a power of appointment was vested for her benefit in Mrs. Caroline Askins, and, Mrs. Askins having died without executing this power, a Court of Equity will hold the trust to survive and decree its execution. Defendant has appealed to this Court and assigned as error this holding and construction of the Court of Chancery Appeals.

The Court of Chancery Appeals was of opinion that the case falls within the authority of *Anderson* v. *McCullough*, 3 Head, 613, and *Anderson* v. *Hammond*, 2 Lea, 281, and referred also, as bearing upon the question, to *Pillow* v. *Rye*, 1 Swan, 185; *Downing* v. *Johnson*, 5 Cold., 229; *McGavock* v. *Pursley*, 1 Tenn. Chy., 411; and *Bradly* v. *Carnes*, 10 Pick., 27.

We are of opinion that Addison Askins, by the plain terms of his will, vested an absolute estate in his wife, Caroline Askins, and that she took an unlimited power of consumption, enjoyment, and disposition.

It is true that there is a desire and request expressed that in the event any of it should remain unconsumed or undisposed of, it should be given to Mrs. Clark. But there is no imperative direction so to give it. The matter is left wholly and entirely to the discretion of the wife. Her enjoyment of the property was not to be, in any way, interfered with, or affected by the provision in favor of Mrs. Clark. It was to be hers, to dispose of,

consume, and enjoy as she saw proper, and only in the event there was more than was necessary for her wants and needs was she to give the $200 to Mrs. Clark. There is no direct or indirect gift by Addison Askins to Mrs. Clark, but only a desire and request that his wife may give; vesting her, however, with the absolute right to dispose of it otherwise. This presupposes that the property is vested absolutely in Mrs. Askins in the first instance, for it is only in that event it would be hers to give.

Complainant cannot recover under the will of Addison Askins without more, and has not attempted to do so, as no executor or distributee of his is made a party. The recovery, if made at all, must be through Mrs. Askins, and necessarily under her will making the gift as requested, but no such gift has been made. We cannot see that the language used in the will of Addison Askins imposed any trust upon the property in the hands of his wife. Such construction would be contrary to her unlimited power of enjoyment, consumption, and disposition.

The words "wants and needs" cannot, in the construction in which they are used, simply mean such wants and needs as are to be satisfied by consumption, but they must be construed, also, in connection with an unlimited power of disposition and enjoyment. The entire terms of her holding and use must be construed together and as a whole. We think the principles laid down in *Bradly* v. *Carnes*, 10 Pick., 27, are conclusive of this case.

The case of *Anderson* v. *McCullough*, 3 Head, 316, is not in point, where it was held that the property was given to the wife for life, with directions to her to distribute, the manner of distribution to be largely at the discretion of the wife. Here there is an absolute estate vested; there is no direction to give, but simply a request addressed to the party to whom the fee is given, and necessarily implying discretion to give, or not, as she may choose.

The request in this case is not to pay, as in the case of *Anderson* v. *Hammond*, 2 Lea, 281, but to give, implying property and ownership in the first taker, and an option upon her part to give or not, as she might see proper.

Courts of Equity have gone great lengths in creating implied or constructive trusts from precatory words. The tendency is to discourage an extension of the doctrine. Whenever the object or the property of the supposed trust is not certain or definite, or a clear discretion and choice to act is given, and whenever prior dispositions impart uncontrollable ownership, the Courts will not create a trust from precatory words. 2 Story's Eq., 1086–70; Anderson's Dic. of Law, p. 799.

We are of opinion, therefore, that the Court of Chancery Appeals is in error in the construction of this will, and that the Chancellor is correct, and his decree is affirmed and the decree of the Court of Chancery Appeals is reversed.