Carson v. Carson.

# W. M. CARSON *v.* L. O. CARSON *et al.*

## (*Jackson.* April Term, 1905.)

1. **WILLS.** Devise of fee with unlimited power of disposition defeats executory devise.

   A fee-simple estate given in the first portion of a devise, with absolute power of disposition, will not be limited or cut down by subsequent clauses and provisions of the will; but the unlimited power of disposition in the first taker which will defeat an executory devise must be a power given by the will itself, and not one attaching as a legal incident to the estate given by the will. (*Post, pp.* 39, 40, 43, 45, 46-48.)

   Cases cited and approved: Booker v. Booker, 5 Hum., 505, 511; Sevier v. Brown, 2 Swan, 114; Brown v. Hunt, 12 Heis., 404; Ballentine v. Spear, 2 Bax., 269; Read v. Watkins, 11 Lea, 158; Bradley v. Carnes, 94 Tenn., 27, 30; Meacham v. Graham, 98 Tenn., 201; Clark v. Hill, 98 Tenn., 300.

2. **SAME.** Same. Devise to husband with remainder to others subject to his funeral expenses and debts vests life estate only in him, with remainder over; case in judgment.

   A devise of certain land by testatrix to her husband, with direction that at his death, after the payment of his funeral expenses and just debts, the remainder of said land shall go to others, vests in the husband not an absolute or unlimited estate, such as will defeat a devise over, but only a life estate in the land, coupled with a limited power of disposition, the power to consume the fee by debts, but not otherwise, nor in any other way to dispose of it, with remainder over to others. (*Post, pp.* 39, 40, 43, 45, 46-48.)

Carson v. Carson.

3. **SAME.** Devise or bequest is not invalidated by mere misnomer of the corporation.

The mere misnomer of the corporation will not invalidate the devise or bequest, if it clearly appears who was intended thereby. (*Post, p.* 49.)

Cases cited and approved: Trustees v. Reneau, 2 Swan, 94; Bank v. Burke, 1 Cold., 623; State v. Smith, 16 Lea, 6§6.

4. **SAME.** Devise to a charitable corporation whose charter declares its charitable purposes and trusts need not declare the trusts.

A devise and bequest made direct to a charitable corporation, with the charitable purposes and trusts set out in its charter and articles of foundation, is valid, without setting out the trusts so specifically and definitely as if made to individuals, because the trusts are thus made certain and will control, subject to the directions of the testator, if any are given. But no trusts in such case need be declared, as they are set out in the charter and articles of foundation. (*Post, pp.* 50, 51.)

5. **SAME.** Same as 3 and 4. Charitable bequest to the board of trustees of the Cumberland Presbyterian Church vests in the corporation of the General Assembly of the Cumberland Presbyterian Church; case in judgment.

A devise of the remainder after the termination of the life estate in certain land, and a devise or bequest of the remainder interest in the proceeds of the sale of certain other lands after termination of the life estate therein, made to certain persons constituting the board of trustees of the Cumberland Presbyterian Church in the United States of America, and their successors, to be held and used by them as trustees only in such manner as to best promote the interest of christianity in the fields occupied by that church which it appears is incorporated under the name of the General Assembly of the Cumberland Presbyterian Church, is a valid charitable bequest to the corporation which it may hold under its charter for the charitable purposes and trusts set out in its charter and articles of foun-

Carson v. Carson.

dation, with due regard and deference to the directions of the testatrix, and beyond that under the general trusts under which that corporation holds all its property, it being the evident intent of the testatrix that said remainder estate or interest vest in that church or corporation as a charitable organization of a religious character. (*Post, pp.* 39-51, and especially *pp.* 39-41, 49-51.)

## FROM CARROLL.

Appeal from the Chancery Court of Carroll County. —A. G. HAWKINS, Chancellor.

GEO. T. M'CALL, for complainant.

HAWKINS & PEELER, for defendants.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is a bill to construe and contest the validity of certain clauses of the will of Sarah A. Carson.

These clauses are as follows:

"Secondly. I give, devise, and bequeath to my husband, W. M. Carson, the tract of land upon which I now reside, containing one hundred and sixty-five acres, and bounded on the north by lands of S. S. or John D. Pate and Dr. J. B. Jones; on the east by the lands in the name of Mary W. Ridley, deceased; and on the south by the lands of William Ridley and Horace Sexton, and on the west by John Morrison and the lands of the heirs

of William Ingram; and at his death I direct that after his funeral expenses and just debts are all paid, the remainder of said tract to go to J. M. Gill, W. L. Reeves, J. M. Zarecor, T. R. Foster, P. W. Morris, A. B. Miller, W. B. Reeves, B. C. Pórter, T. P. Dance, S. D. Chestnut, H. E. Conover and F. M. Pepper, constituting the board of trustees of the Cumberland Presbyterian Church in the United States of America, and their successors in office, to be held and used by them as trustees only in such manner as to best promote the interest of christianity in the fields occupied by the said Cumberland Presbyterian Church.

"Third. It is my wish, and I so direct, that the tract of land descended to me from my brother, G. W. Ridley, containing one hundred and forty acres, and bounded on the north by the lands of W. R. Snead and H. P. Gaines; on the east by the lands of H. P. Gaines and J. S. Reese; on the south by the lands in the name of Mary W. Ridley, deceased, on the west by the lands of Dr. J. B. Jones, to be sold at my death by my husband, W. M. Carson, in such manner as to him may be thought best, and the proceeds appropriated to the payment of the following bequests, viz: Five hundred dollars in trust to Rev. A. E. Cooper, T. W. Cannon, H. Bobbitt, H. C. Johnson, H. B. Thomas, B. P. Gilbert, W. E. Spear, J. M. Burns, R. B. Hamilton, J. W. Smith, W. M. Carson and Dr. Bright, composing the board of trustees of Bethel College, at McKenzie, in Carroll county, Tennessee, and their successors in office, to be appro-

priated by them for said Bethel College in such manner
as they may think best; one hundred dollars I give to
Henry Ridley in consideration of his kindness to my
brother, G. W. Ridley, in his last illness.

"I set apart two hundred dollars out of which to pay
my annual contribution of five dollars to the Rev. A. E.
Cooper, at Shiloh Church, and at · his death the re-
mainder of the. two hundred dollars I want used in the
erection of a monument over his grave, and I further di-
rect that a sufficient amount be used to erect a double
monument over the grave of my father and mother and
one for myself and to put an iron fence around the fam-
ily graveyard, and the remainder of the proceeds of one
hundred and forty acres of land, if any, I give to my
said husband, W. M. Carson, during his life, and at his
death I direct that it go to the board of trustees of the
Cumberland Presbyterian Church hereinbefore men-
tioned, and their successors in office, in trust, to be used
in the promotion of christianity in such fields as may be
occupied by the said Cumberland Presbyterian Church
in the United States of America."

The defendants in this case, twelve in number, con-
stitute the board of trustees of the Cumberland Presby-
terian Church, and the bill also alleges that they are
the successors in office of the trustees of said church as
named in the will.

The bill further sets forth that, as to the construction
of section 2 (designated "secondly") of the will above
set out, a difference of opinion has arisen, and .really

exists; that complainant insists that under said section
he is vested with an absolute fee in said lands, as set out
in the section or item of said will.  It alleges that, on
the other hand, defendants insist that under said sec-
tion the complainant is only vested with a life estate,
and they with the remainder interest therein.

The bill further alleges that complainant, in accord
with directions in said will as set out above, sold the
land described in section 3 of said will; that he has paid
off the specific bequests made in said section, and that
there remains in his hands about ——— dollars; that
in regard to this surplus a difference of opinion has
arisen, and really exists; that complainant insists that
under the will he is entitled to said amount absolutely;
that the defendants, on the other hand, insist that com-
plainant takes a life estate therein, and that they, as
the board of trustees of the Cumberland Presbyterian
Church, are entitled to the remainder interest therein.

It further alleged that there are no outstanding debts
against the estate, and that said attempted devise and
bequest constitute a cloud upon complainant's title to
said lands and the surplus arising from said sale.  The
complainant prays a construction of the aforesaid por-
tions of said will, and asks the court to state clearly
what are complainant's rights thereunder, and what, if
any, are the rights of the defendants thereunder; also
that the cloud upon complainant's title to said property
be removed.

To this bill the defendants filed a demurrer and an-

swer. The demurrer sets up the following propositions:

(1) That the devise to defendants the board of trustees of the Cumberland Presbyterian Church in the second item of the will of Mrs. Carson is a valid devise to complainant for life, with remainder to said board after his death, subject to payment of his funeral expenses and just debts, and that complainant's contention that his estate in the lands therein devised is not merely a life estate, but an estate in fee-simple absolute, is not well taken.

(2) That the bequest to defendants the board of trustees in the third item of the will of Mrs. Carson is a valid executory bequest, subject to a life interest in complainant, and that complainant's contention that he is the absolute owner of the land is not well taken.

The appellants then answer as follows:

First. That they constitute a corporation duly chartered by the State of Kentucky. The charter, or rather a copy thereof, is made an exhibit to the answer, and by agreement of counsel and decree of the court is treated, without question, as the charter of the said board. It is alleged that the appellants are the lawful successors in office, as trustees under the provisions of said charter, to the trustees of said corporation designated in said will; that the trustees designated in said will were at the time of the execution of said will and at the time of the death of the testatrix regularly elected and qualified as trustees of said corporation.

Second. That the appellants, constituting said board of trustees, have full power and authority, under said charter of incorporation, to receive in trust any donation, bequest, or other charities which may be or have been given to them for the use and benefit of the religious denomination known as the Cumberland Presbyterian Church, or its general assembly, for educational, religious, or charitable purposes, under the direction of said general assembly; that the said Cumberland Presbyterian Church is a religious body existing and maintained· for the advancement of christianity; that all moneys and other estates of every description which are vested in said board of trustees by virtue of their office are to be forever held in trust for the use of the Cumberland Presbyterian Church, the interest thereof to be devoted to religious, charitable, or educational purposes under the direction of the said general assembly; that the purposes for which the devise and bequest of Mrs. Carson were made to the said trustees was one of the vital purposes, if not the chief purpose, for which the said board of trustees exists.

Third. That the defendants, as a board of trustees, are properly constituted,· and capable of taking and using the property involved in the devise and bequest in such manner as to best promote the interests of christianity in fields occupied by said Cumberland Presbyterian Church.

Fourth. That the devise and bequest constitute a valid devise and a valid bequest for charitable uses,

capable of being enforced by the appellant trustees in strict accordance with the intent of the testatrix, as set forth in her will, and that the appellee's contention that he is the absolute owner in fee of the property involved in the bequest is not well taken.

Fifth. That the appellants admit all the allegations of the original bill not inconsistent with the allegations of their answer.

The chancellor decided all the issues in favor of the complainant, and from his decree the defendants have appealed, and assign the following errors:

(1) The chancellor erred in overruling the appellants' demurrer to the effect that the devise to appellee for life, with remainder to said board of trustees after his death, subject to the payment of his funeral expenses and just debts, is a valid devise; that the bequest to the board of trustees is a valid executory bequest, subject to the life estate in appellee; and that the appellee's contention that he is the absolute owner of said land and said fund is not well taken.

(2) The chancellor erred in holding that, under the will of the textatrix, the appellee takes and is vested with an absolute estate in fee in the land mentioned and described therein.

(3) The chancellor erred in holding that, under the third clause of said will, the appellee is vested with a life, if not an absolute, estate in the surplus funds arising from the sale of the land therein mentioned.

(4) The chancellor erred in holding that that part of

said clause referring to the board of trustees of the Cumberland Presbyterian Church is inoperative, of no effect, and void, and that the appellee, under said will, and as surviving husband of said testatrix, is entitled to and is vested with an absolute estate in said surplus money after paying the special bequests set out in said will.

These assignments may be resolved into three propositions, which we will discuss:

As to the first clause of the will in controversy, relating to the tract of 165 acres of land, it appears that the testator made an absolute devise of the same to her husband, W. M. Carson, in the first part of the clause; and the question presented is whether the words superadded later in the clause cut down this fee-simple or absolute estate.

These words are: "And at his death I direct that after his funeral expenses and just debts are all paid the remainder of said tract to go," etc.

The general doctrine laid down in our cases and in the text-books is that a fee-simple estate given in the first portion of a devise, with absolute power of disposition, will not be limited or cut down by subsequent clauses and provisions of the will. *Ballentine* v. *Spear,* 2 Baxt., 269; *Sevier* v. *Brown,* 2 Swan, 114; *Bradley* v. *Carnes,* 94 Tenn., 27, 30, 27 S. W., 1007, 45 Am. St. Rep., 696; *Meacham* v. *Graham,* 98 Tenn., 201, 39 S. W., 12; *Clark* v. *Hill,* 98 Tenn., 300, 39 S. W., 339; Underhill on Wills, sections 358, 491.

In the present case a fee-simple estate is given in the usual terms, and the only question is whether the subsequent language defeats such estate.

We are of opinion it does.

Taking the entire clause as a whole, we are of opinion that the estate given is not a fee, with an absolute power of disposition in W. M. Carson, but his power of disposition, if it may be so called, is merely a power to consume it by debts, but not otherwise, or in any other way to dispose of it. It is not, therefore, an unlimited power of disposition, but one limited to a power to charge it with debts.

The power of unlimited disposition in the first taker which will defeat an executory devise must be a power given by the will itself, and not one attaching as a legal incident to the estate given by the will. *Booker* v. *Booker*, 5 Humph., 505, 511; *Brown* v. *Hunt*, 12 Heisk., 404.

So, in *Read* v. *Watkins*, 11 Lea, 158, it was held that ordinary words conveying the absolute title alone, without superadded words giving unlimited power of disposition, would not defeat an executory devise.

In that case the will contained this provision:

"After the death of my beloved wife, and after all her debts are paid, I devise, will and direct that the property, real and personal, of which she may die seized and possessed, including all moneys she may have, shall be equally divided among all my children and representatives," etc.

We are of opinion that, under this clause of the will, W. M. Carson does not take an absolute or unlimited estate, such as will defeat a valid devise over.

We are of opinion, therefore, that the chancellor was in error in holding that W. M. Carson took the land mentioned in the second item in fee simple and absolutely, but he should have held that he took only a life estate, with remainder over.

It remains to be considered whether the devise and bequest over in the second and third items of the will for charitable purposes are valid.

The provision in the second item is that the remainder shall go to J. M. Gill and others, "constituting the board of trustees of the Cumberland Presbyterian Church in the United States of America, and their successors in office, to be held and used by them as trustees only in such manner as to best promote the interests of christianity in the fields occupied by the said Cumberland Presbyterian Church.

In the third item the testatrix directs the remainder of the proceeds of the 140 acres to go to the board of trustees of the Cumberland Presbyterian Church, hereinbefore mentioned, and their successors in office, in trust to be used in the promotion of christianity in such fields as may be occupied by the said Cumberland Presbyterian Church in the United States of America.

It is insisted that the devisee and grantee in each of these provisions is an incorporated body, capable of taking by gift, devise, or bequest, and that the devise

and bequest is in the provision made to it in its incorporated capacity.

We find in the record a copy of a charter incorporating "a body corporate and politic by the name and style of the "Trustees of the General Assembly of the Cumberland Presbyterian Church,' " but we find no charter of incorporation under the name and style of the "Cumberland Presbyterian Church." '

It appears that it is the general assembly of the church which is incorporated, and not the church itself.

It is evident that the testatrix intended the remainder in the land under the second item of the will and in the proceeds of land in the third item to vest beneficially in the Cumberland Presbyterian Church, as a charitable organization of a religious character. The corporate name of the church is not correctly set forth in the devise and bequest, but the intent is plain, and the party beneficiary cannot be mistaken.

The mere misnomer of the corporation will not invalidate the devise or bequest, if it clearly appears who was intended thereby. *State* v. *Smith,* 16 Lea, 666; *Bank* v. *Burke,* 1 Cold., 623; *Trustees* v. *Reneau,* 2 Swan, 94; Morawetz on Corporations, 181, 182.

We think it clearly appears that the devise and bequest was made to the trustees of the corporation, as representing it, and not to them as individuals; and the provisions of the will are therefore virtually to vest the

115 Tenn—4

property in the corporation of the General Assembly of the Cumberland Presbyterian Church, for the use and benefit of that church or denomination.

The devise and bequest being made direct to a corporation which is charitable, the trusts need not be set out so specifically and definitely as if made to individuals, in order to make them valid.

The reason is that a corporation organized for charitable purposes has these purposes and trusts set out in its charter and articles of foundation, so that the trusts are thus made certain and will control; due deference being paid to the directions of the testator, if any are given. But no trusts in such case need be declared, as they are set out in the charter and articles of foundation.

To illustrate: If a bequest be made to the Vanderbilt University or Cumberland University by name, the trusts to which the fund is to be applied need not be further specified by the grantee, since these are well-known charitable corporations, whose objects, purposes, and trusts are fully set forth in their charters and other instruments of foundation.

But if a devise or bequest is made to individuals, as trustees, then the trusts must be declared in the instrument giving the property.

We are of opinion that the devise and bequest in this case being made, as we have before held, to the corporation of the General Assembly of the Cumberland Presbyterian Church, that corporation will hold it un-

der its charter and articles of foundation—due regard being paid to the direction of the testatrix, as far as given—and beyond that under the general trusts under which that corporation holds all its property.

We are also of the opinion that the corporation of the General Assembly of the Cumberland Presbyterian Church is authorized, under its charter, to accept devises and conveyances of real estate, as well as bequests of personal property, under the term "charities," used in that charter.

We are of opinion, therefore, that the devise over in the second item and the bequest over in the third item are valid charitable trusts; and the chancellor was in error in not so holding, and his decree is reversed, and the cause remanded to be further proceeded with in accord with this opinion.

The executor will pay costs of appeal out of the funds of the estate; costs of the court below will be adjudged by the chancellor.