MYRTLE DYER BREEDING v. JOHN HENRY WILLIAMS, Chm., et al.

Eastern Section. July 14, 1929.

Petition for Certiorari denied by Supreme Court, February 23, 1929.

W. P. Monroe, of Maynardville, and Bowen & Bowen, of Knoxville, for appellant.

J. R. Ketron and W. I. Davis, of Tazewell, and Montgomery, Donaldson & Montgomery, of Knoxville and Tazewell, for appellee.

PORTRUM, J. Myrtle Dyer Breeding, an heir at law of James B. Lewis, deceased, filed this bill, seeking the construction of the will of Lewis, the material portions of which are as follows:

"Three:—To my beloved wife, Martha K. Lewis, I give all my property, both real and personal, for and during her natural life, and so long as she remains my widow, and I nominate her as executrix of this my will and excuse her from giving bond.

"Four:—At the death of my said wife and at my death, I give and devise whatever my property that may remain on hand at that time to the Claiborne County High School, situated on the pike between Tazewell and New Tazewell."

The contention of the heir at law is that the Claiborne County High School is an unincorporated institution, incapable of taking such bequest; that no trustee is interposed; and the trust is too indefinite to be administered as a valid charitable trust. Greene v. Allen, 24 Tenn. (5 Humph.), 170; Ewell v. Sneed, 136 Tenn., 602.

The members of the board of education of Claiborne county, who are parties defendant, as well as the state and county superintendents of public instruction, defend by setting up the proposition that the name of the beneficiary in the will is a misnomer, and the testator intended as his beneficiary the Claiborne County Board of Education, which is a quasi corporation capable of taking, holding and administering the trust.

The first inquiry then: Is there a misnomer? The second inquiry is: If there was a misnomer, is the Claiborne County Board of Education an institution capable of holding and administering the trust?

1st: It is insisted it was the testator's express purpose to make the bequest to a branch or department of the legally organized educational quasi corporation, which was capable of taking and holding

the property. It seems to us this contention is well founded, and the question is ruled by the case of Milligan v. Greeneville College, 156 Tenn., 500, 2 S. W. (2d) 90. In that case, the bequest was to A. F. & A. M. Masonic Widows' and Orphans' Home at Nashville, Tennessee. The abbreviations, or letters, stand for Ancient Free and Accepted Masons. The court said:

"The beneficiary may thus be read as the Ancient Free and Accepted Masons Widows' and Orphans' Home, that is to say, the Widows' and Orphans' Home of the Ancient Free and Accepted Masons. This is equivalent to a bequest to the Ancient Free and Accepted Masons for the benefit of the Masonic Widows' and Orphans' Home, of Nashville, Tennessee, if, as before stated, the conduct of the Masonic Widows' and Orphans' Home at Nashville, Tennessee, is but a department or branch of the charitable or benevolent work of the Grand Lodge of the Ancient Free and Accepted Masons."

The same is true in this case, if the designated high school may be said to be a department or branch of the Claiborne county high school system under the control of the board of education of Claiborne county. In other words, the bequest "is equivalent to a bequest" to the Claiborne county board of education. We may say in this case, as was said in the Milligan case:

"We think, therefore, the intention of the testator was clear, that his plain and express purpose was to make this bequest to a branch or department of a legally organized charitable corporation, capable of taking and holding property."

In the Milligan case, the court held the designation of the home was a misnomer for the Grand Lodge, citing in support of the contention the following cases: Trustees of McMinn Academy v. Reneau, 32 Tenn. (2 Swan), 94; State v. Smith, 84 Tenn. (16 Lea), 662; Carson v. Carson, 115 Tenn., 37, 88 S. W., 175.

To make this case more analogous to the Milligan case, we might say the gift was to the Claiborne county high school, and the school was but an adjunct or institution of Claiborne county, and Claiborne county took the bequest for the school located between Tazewell and New Tazewell. The county is an artificial person, a quasi corporation capable of holding school property, the board of education is an arm of the county created for the administration of school affairs and, therefore, the bequest by law passes to the branch of the county designated as the administrator of school affairs.

We are inclined, however, to the belief the beneficiary intended is the Claiborne county board of education, and the school is a branch or department of it, and the board is itself a quasi corporation. The gift is to this named school, as the gift in the Milligan case was to a named home, and in the Milligan case the court held

that since this home was a department of the Grand Lodge, the bequest went to the Grand Lodge, so in this case, since the high school in question is a department of the school system of Claiborne county, which system is under the control of the board of education, then the bequest is to the board of education. But since it was the intention of the testator that the bounty should be expended on the particular high school situated between Tazewell and New Tazewell, then the board takes the bequest with the duty to expend it in the betterment of this school, to the exclusion of all other high schools in the county.

2nd: Having found there was a misnomer and the Claiborne county board of education is the beneficiary, then the question: Is the Claiborne county board of education an institution capable of taking such a bequest in the absence of a trustee or definite directions for the administration of the trust?

To determine this question, it is necessary to trace the history of the school system. The county high schools were created by chapter 279 of the Acts of 1899, with a high school board of education given "such powers with respect to the control and management of the county high school or schools as are now vested by law in the district directors with respect to the control and management of district schools." Shannon's Code, section 1461a75. The powers and duties given school directors are found in the Acts of 1873, chapter 25, section 20, codified in Shannon's Code, section 1430. Subsection 5 reads:

"Use the school fund appropriated by their district, derived from donations, or other sources, in such manner as will promote the interest of public schools in their respective districts."

They were also given the right to sell, and make deeds in their own name, real estate belonging to the district, as well as to acquire other real estate, by chapter 44 of the acts of 1859 and 1860, codified in Shannon's Code, section 1431.

The school districts and district directors were abolished by chapter 236, section 1, of the Acts of 1907, and the county board of education was created and assumed the duties of district directors, the duty of the board of education being defined as follows, section 10, chapter 236, Acts of 1907, Shannon's Code, section 1434a10, subsection 9:

"To take care of, manage, and control all school property; by transfer, or sell school property and make and take proper conveyance, and perform all duties now required of district directors under section 1430 and 1431, which may not be included in this section."

The county boards of education functioned independent of the county high school boards of education until 1921 when by chapter 120, Acts of 1921, the boards were abolished and a county board of

education was created with absolute control over the property, as well as the management of both the elementary and high schools. Under section 5 of this Act, sub-section 4, the defined duties of the boards were supplemented by the following provision:

"4. Perform all other duties not in conflict with the provision of this act, now required by law of county boards of education and the county high school boards of education."

So by these provisions, the Claiborne county board of education has all the powers and duties conferred by law upon the high school boards as well as district directors. Therefore, it is the duty of this board to perform the duties set out in section 1430, sub-section 5, of Shannon's Code, which provides:

"To use the school funds appropriated to their districts, derived from donations, or other sources, in such manner as will promote the interest of public schools in their respective districts."

"The common school system, of whatever form, is a public institution in the nature of a municipality, or quasi municipal corporation, created as an arm of the government, for a specific purpose, and subject to the will of the legislature." Shanklin v. Phillips, 3 Cooper's Chy., 556.

"A school district is a public institution in the nature of a municipal, or quasi-municipal corporation." Bayless v. Kriskell, 5 Lea, 265.

The Claiborne county board of education is a quasi corporation, impliedly, if not expressly, endowed with the right to take and hold property for the specific purpose for which it was created.

"It possesses, impliedly and incidentally, all such powers as are necessary for the purpose of carrying into effect those which are expressly granted. The creation of a corporation for a specified purpose implies the power to use the ways and means necessary to effect that purpose." Henly Private Corporations, 140.

For the attributes of a quasi-corporation, see Ingersoll on Public Corporations, 27.

By express statutory provisions, as above quoted, the school board is granted the right to hold and administer property, real and personal. The question remains then; Can it administer an indefinite trust?

Quoting from Milligan v. Greeneville College, supra:

"In Johnson v. Johnson, it was said:

" 'There is a broad distinction between a gift direct to a charity or charitable institution already established, and a gift to a trustee to be by him applied to a charity. In the first case, the court has only to give the fund to the charitable institution, which is merely a ministerial or prerogative act; but in the latter case the court has jurisdiction of the trustee, as it has over all trustees, to see that he does not commit a breach of his trust or apply the funds in bad

faith to purposes foreign to the charity. 2 Perry on Trusts, section 719.' . . . .

It was insisted in Carson v. Carson, 115 Tenn., 37, that a provision of the will was too indefinite to be sustained. Answering this objection, the court said:

"The devise and bequest being made direct to a corporation which is charitable, the trusts need not be set out so specifically and definitely as if made to individuals, in order to make them valid.

"The reason is that a corporation organized for a charitable purpose has this purpose and trust set out in its charter and articles of foundation, so that the trusts are thus made certain and will control, due deference being paid to the directions of the testator, if any are given, but no trust in such case need be declared, as they are set out in the charter and articles of foundation.

"To illustrate, if a bequest be made Vanderbilt University or Cumberland University, the trust to which the fund is to be applied need not be further specified by the grantor, since these are well known charitable corporations; these objects, purposes and trusts are fully set forth in their charters and other instruments of foundation.

"But if a devise or bequest is made to an individual as trustee, then the trust must be declared in the instrument giving the property."

The legislature has directly empowered school directors, and has carried on through the acts to the board of education, with the right and duty to use school funds "derived from donations, or other sources, in such manner as will promote the interest of public schools. . . ." Shannon's Code, section 1430, sub-section 5. This is as specific a provision as any found in any charter of any charitable institution. Therefore, the Claiborne county school board is empowered to administer an indefinite bequest or devise, using the fund to promote "the interest of public schools." By this enactment the trust is made certain, due deference being paid to the directions of the testator, if any be given. In this case, the testator directs that the funds be expended to promote the interest of the Claiborne county high school, situated on the pike between Tazewell and New Tazewell. It is assumed that he was aware of the needs of the school, and it is shown in the proof the school buildings were badly crowded, and new dormitories, both for the girls and boys, were a pressing necessity.

We are of the opinion there was a misnomer in the will, or that the gift to the Claiborne county high school, situated between Tazewell and New Tazewell, expresses the plain purpose to give to a branch, which is equivalent to giving to the body; that the Claiborne county board of education is a quasi corporation endowed by statute with the right to take and hold personal and real estate and

to administer donations to promote public schools. The bequest, therefore, is not void, but is a valid bequest. The judgment of the lower court is affirmed.

Snodgrass and Thompson, JJ., concur.