TARWATER *et al.* *v.* BAPTIST ORPHANS' HOME *et al.*

(*Knoxville,* September Term, 1938.)

Opinion filed October 8, 1938.

410

CRESVILLE & OGLE, of Sevierville, for appellants.

JOHNSON & JOHNSON, of Knoxville, for appellees.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The bill herein was filed by the executors of W. R. Cotter for the purpose of having the heirs of testator and the Tennessee Baptists Orphans' Home interplead with respect to which is entitled to his estate, valued at about $2500. The next of kin are brothers and sisters and representatives of such.

Testator, after providing for his wife during her life, directed that "the remainder of my estate go to the Baptist Orphans Home." His wife died in 1937. The chancellor held the involved item void for "lack of definite designation of beneficiary." The Court of Appeals reversed and held the "Tennessee Baptist Orphans' Home," a Tennessee corporation empowered to receive such bequests, entitled to the property. This corporation maintains an orphanage at Nashville. A copy of its charter is exhibited with the pleadings. There is no evidence of the existence of any other Baptist Orphans' Home in Tennessee or elsewhere. Testator was a resident of Tennessee. There can scarcely be any doubt but that testator intended that the Tennessee Baptist Orphans' Home should be the beneficiary of his bounty.

He certainly did not intend that his next of kin should take his property, and if there is some other Baptist Orphans' Home which testator had in mind the burden rested upon the next of kin to establish that fact. It should be borne in mind that no other Baptist Orphans' Home is making claim to this fund. In these circumstances we think it clearly appears that it was the defendant corporation that testator was bequeathing the remainder of his estate to.

■ Under the authorities if there is a latent ambiguity as to the identity of a legatee or devisee, or a mere inaccuracy in the designation or description contained in the will, extrinsic evidence is admissible to explain the ambiguity or inaccuracy and identify the person designated. This rule also applies to corporations.

■ It is also well settled that where the name and description of the devisee given in the will apply to two or more persons, so that either would be entitled to take thereunder but for the existence of the other, extrinsic evidence is admissible to determine which was intended by the testator.

In *Carson* v. *Carson,* 115 Tenn., 37, 88 S. W., 175, the devise was to certain named persons as trustees "of the Cumberland Presbyterian Church in the United States of America." The correct name of the corporation was "Trustees of the General Assembly of the Cumberland Presbyterian Church." In sustaining the devise to the corporation the court said:

"The mere misnomer of the corporation will not invalidate the devise or bequest if it clearly appears who was intended thereby. [Citing authorities.]

"We think it clearly appears that the devise and bequest was made to the trustees of the corporation, as

representing it, and not to them as individuals; and the provisions of the will are therefore virtually to vest the property in the corporation of the General Assembly of the Cumberland Presbyterian Church, for the use and benefit of that church or denomination.''

In *State ex rel.* v. *Goodman,* 133 Tenn., 375, 181 S. W., 312, the parties were permitted to establish by extrinsic testimony that a bequest to Mrs. Mosley was intended for Mrs. Lillian Trimble.

In *Union Trust Co.* v. *St. Luke's Hospital,* 74 App. Div., 330, 77 N. Y. S., 528, affirmed by the Court of Appeals in 175 N. Y., 505, 67 N. E., 1090, the will of a resident of New York City gave a legacy to the ''Skin and Cancer Hospital,'' and there was a corporation in that city named the ''New York Skin and Cancer Hospital.'' In holding intrinsic evidence inadmissible to show that the testator intended to designate another corporation named the ''New York Cancer Hospital,'' the court said: ''The designation of the respondent is complete, except so far as it omits the words 'New York' as a part of the name of the institution. . . . I have examined with care the cases cited by the learned counsel for the appellant, to see if there was any case that held that the omission from the name of an institution of a portion of its name denoting the locality in which the institution existed, or the state which incorporated it, would make the bequest . . . ambiguous or uncertain . . . ; but I can find no case . . . . An existing institution devoting itself to the cure of skin and cancer diseases is called the 'New York Skin and Cancer Hospital.' There is a legacy to the 'Skin and Cancer Hospital,' and no other corporation bears that name.'' That case in principle is similar to the one under consid-

eration.  The mere omission of the word "Tennessee" does not make the bequest ambiguous or uncertain. There is an existing institution in this State which operates an orphanage called the Tennessee Baptist Orphans' Home.  The legacy is to the "Baptist Orphans' Home," and no other corporation bears that name so far as appears from the record.  Had it been made to appear that there were other Baptist Orphans' Homes, then it might have been necessary to establish by extrinsic evidence which one the testator intended.

We might add, further, that since the testator was a resident of this State and owned two farms in Sevier County, that had his purpose been to leave his property to some institution without the State, he in all probability would have specified the locality of his beneficiary.

We think the Court of Appeals reached the correct result and therefore deny the writ.