HOLMES *v.* RODDY *et al.*

(*Knoxville.* September Term, 1940.)

Opinion filed November 23, 1940.

CoFFEY, McCoy & Durand, of Chattanooga, for complainant.

John S. Wrinkle, of Chattanooga, for defendants.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought by the complainant as a devisee under the will of the late Charles E. Beebe to recover from his executors a certain piece of real estate in Chattanooga. Both the complainant and the defendants claim to be entitled to the possession of the same under the aforesaid will.

The testator seems to have been the owner of numerous parcels of real estate in Chattanooga. He undertook to dispose of these by his will. The first sentence of the will is as follows:

"Know all men by these presents that I, Charles E.

Beebe the subscriber hereto do herewith make my last Testament regarding the disposal, after my decease, of all the real and personal property now owned by me as follows.''

The will later recites, ''All real estate mentioned in this will lies in Chattanooga, Tennessee,'' with the exception of two houses and lots in Rossville, Georgia.

The several parcels of real estate are given by the will to various friends and relatives of the testator. The provision in favor of the complainant is in these words:

''I leave to Letha Holmes of Westersville, Wayne County, Ohio, the property known as 3608 Third Avenue.''

The residuary clause of the will runs thus:

''The balance of any real estate owned by me together with all obligations of money due me by notes or otherwise shall be turned into money as rapidly as possible by my executors and shall be applied'' to funeral expenses and to other purposes set forth.

The bill avers that at the time of his death the testator did not own 3608 Third Avenue. He did own 3607 Third Avenue. It was further alleged that he owned no property on Third Avenue in the City of Chattanooga at the time the will was executed or at the time of his death other than 3607.

It was charged that the manifest intention of testator was to convey to Mrs. Holmes 3607 Third Avenue, that he had previously expressed the intention of giving this property to her, and that the description of the property as 3608 Third Avenue was a typographical error, and the bill prayed a decree for title to and right of possession of 3607 Third Avenue and for an accounting for rents and profits.

The executors took the position, which on demurrer was

sustained by the chancellor, that the will was ineffective to pass title to Mrs. Holmes to 3607 Third Avenue, that 3607 Third Avenue remained undisposed of except under the residuary clause, and that they, the executors, were entitled to the possession of 3607 Third Avenue, to be sold and the proceeds applied pursuant to the provisions of the residuary clause.

It has been settled in Tennessee since *Weatherhead* v. *Sewell,* 28 Tenn. (9 Humph.), 272, that parol evidence is admissible to explain a latent ambiguity in a will. Such evidence is not admissible where the ambiguity is patent —appears on the face of the will.

In *Weatherhead* v. *Sewell, supra,* a latent ambiguity is defined as one ''where the equivocality of expression, or obscurity of intention does not arise from the words themselves, but from the ambiguous state of extrinsic circumstances to which the words of the instrument refer, and which is susceptible of explanation by the mere development of extraneous facts, without altering or adding to the written language, or requiring more to be understood thereby than will fairly comport with the ordinary or legal sense of the words and phrases made use of.''

Other courts have defined latent ambiguity in language more or less similar and we take it to be universally agreed that parol evidence is permissible to explain a latent ambiguity but not a patent ambiguity. Great conflict of decision, however, has arisen in the application of this rule to particular cases coming before the different courts of the United States and of England.

This court has been rather liberal in the admission of parol evidence to fix the identity of a legatee or devisee under a will where the testator's designation of such legatee or devisee was obscure. See *Tarwater et al.* v.

*Baptist Orphans' Home et al.,* 173 Tenn., 409, 119 S. W. (2d), 919; *State ex rel.* v. *Goodman,* 133 Tenn., 375, 181 S. W., 312; *Carson* v. *Carson,* 115 Tenn., 37, 88 S. W., 175, and other cases.

We see no reason why a more rigid rule should be applied with reference to the admission of parol evidence to identify the subject of a devise or legacy when the testator's language is obscure.

In the case before us the testator declared his purpose to dispose of all his real and personal property, as heretofore set out. He further said that all this property, with the exception of two parcels, was in Chattanooga, Tennessee. The will further showed his intention of disposing of his property on Third Avenue. Had he devised the Third Avenue property, describing it merely as the property or my property on Third Avenue without more, there is no doubt but that parol proof would have been admissible to show that he owned 3607 Third Avenue, and such devise would have been good.

When the extrinsic circumstances to which the words of this will refer develop that the testator did not own 3608 Third Avenue, it seems to us that a latent ambiguity arises, and parol proof becomes admissible to show that testator did own 3607 Third Avenue and that it was his intention to convey that parcel of real estate to the complainant herein.

As we have before stated, there has been much conflict of decision in cases where the testator died seized of landed property which would, if a word or figure could be changed, be well and accurately described by the language of his will. Under such circumstances, many courts apply the maxim *falsa demonstratio non nocet* rather liberally. Other courts, while apparently recognizing the rule embodied in the maxim, seem to give it no

application. The cases are too numerous to be detailed. Many of these decisions are collected in a note, 6 L. R. A. (N. S.), 969, *et seq.*, and 69 C. J., 163, 362.

A decision that has had much weight with the courts over the country is that of the Supreme Court of the United States in *Patch* v. *White,* 117 U. S., 210, 216, 6 S. Ct., 617, 710, 29 L. Ed., 860. In that case the testator gave to his brother "lot numbered six, in square four hundred and three, together with the improvements thereon erected and appurtenances thereto belonging," in Washington, D. C. The proof developed that the testator never did own lot 6 in square 403 but did own lot 3 in square 406. The court said it was clear from the will itself that the testator intended to dispose of all his estate; that he believed he had disposed of it all in the clauses prior to the residuary clause, except specific lots given to his son; that when he gave to his brother Henry lot numbered 6 in square 403 he believed he was giving him one of his own lots; and that he intended to give a lot with improvements thereon erected.

Except that the lot here in controversy is not designated in the will as one with improvements thereon, the case before us seems quite like the case presented in *Patch* v. *White, supra.* Beebe intended to dispose of all his estate, obviously he believed he was giving this complainant one of his own lots and without doubt he intended to give her a lot on Third Avenue in the City of Chattanooga.

Reverting to the decision in *Patch* v. *White, supra,* after review of the authorities, the court concluded its opinion as follows:

"In view of the principles announced in these authorities, the case under consideration does not require any enlargement of the rule ordinarily laid down, namely, the

rule which requires in the will itself sufficient to identify the subject of the gift, after striking out the false description. The will on its face, taking it all together, with the clear implications of the context, and without the misleading words 'six' and 'three,' devises to the testator's brother Henry, in substance as follows: "I bequeath and give to my dearly beloved brother Henry Walker, forever, lot number ——, in square four hundred and ——, together with the improvements thereon erected and apputenances thereto belonging, being a lot which belongs to me, and not specifically devised to any other person in this my will.' In view of what has already been said there cannot be a doubt of the identity of the lot thus devised. It is identified by its ownership, by its having improvements on it, by its being in a square the number of which commenced with 400, and by its being the only lot belonging to the testator which he did not otherwise dispose of. By merely striking out the words 'six' and 'three' from the description in the will as not applicable (unless interchanged) to any lot which the testator owned; or, instead of striking them out, supposing them to have been blurred by accident so as to be illegible—the residue of the description, in view of the context, so exactly applies to the lot in question that we have no hesitation in saying that it was lawfully devised to Henry Walker."

There was a dissenting opinion in *Patch* v. *White, supra,* by four of the Justices, going to show what we have previously said about the contrariety of judicial views on the particular question before us.

The majority opinion in *Patch* v. *White, supra,* distinctly ruled that a latent ambiguity arises in a case where the testator does not own the property described in the devise.

A number of decisions of the State courts following

and in harmony with the decision in *Patch* v. *White,* *supra,* are collected in a note, 6 L. R. A. (N. S.), on page 974, *et seq.*

This court prefers to follow *Patch* v. *White, supra,* rather than contrary decisions, on account of its sound reasoning and carefully guarded language and because that decision is quite in harmony with the views heretofore expressed by us in considering cases where the designation of a particular devisee or donee was involved in ambiguity.

It results that the decree of the chancellor will be reversed and this cause remanded for further and appropriate proceedings.