HOLMES v. RODDY et al.—214 S. W. (2d) 348.

Eastern Section.   July 14, 1948.

Petition for Certiorari denied by Supreme Court, October 16, 1948.

John S. Wrinkle, of Chattanooga, for Sadie Roddy, et al.

Coffey, Durand & Coffey, of Chattanooga, for Letha Holmes.

GOODMAN, J. The original bill in this cause was filed in the Chancery Court of Hamilton County, on the 21st day of November, 1939; the complainant seeking to set up title to and acquire possession of a certain tract or parcel of real estate located in the City of Chattanooga, Tennessee, and designated as No. 3607 Third Avenue. Her title and right to possession of said property is asserted under and by virtue of the last will and testament of Charles E. Beebe, deceased, said will being dated the 21st day of October, 1935, and admitted to probate in the County Court of Hamilton County, Tennessee, on the 13th day of July, 1936.

A demurrer interposed by the defendants was sustained by the Court and the bill dismissed; whereupon, an appeal was taken to the Supreme Court of Tennessee. The Supreme Court, in an opinion by Mr. Chief Justice Green, which opinion is reported in Holmes v. Roddy, 176 Tenn. 624, 144 S. W. (2d) 788, 790, reversed the decree of the Chancellor and remanded the cause for "further and appropriate proceedings". This opinion will be referred to more in particular upon consideration of the questions raised by the assignments of error.

Upon remand, answers having been filed by the defendants and proof taken, the succeeding Chancellor determined the issues in favor of the complainant, holding that she was entitled under said will to the property located at and known as 3607 Third Avenue, Chattanooga, Tennessee, and that, upon proper application, the complainant would be entitled to a writ of possession. It was further decreed that the complainant recover of the then surviving defendants, Sadie Roddy and John Slack, Executors, the rents collected on said property or the reasonable rental value thereof from the date of the death of the testator to the entry of the decree, less such

amounts as may be shown to have been paid out of such rentals for taxes, insurance and necessary repairs by either the defendants or the receiver for the property theretofore appointed in the cause. A reference to the Master was ordered to take proof and report instanter the amount due complainant upon proper accounting, and provided that the defendants in such accounting would be entitled to and receive credit for the rents and expenditures of the receiver during the period he had charge of the property. Subsequent thereto and upon the incoming of the report of the Master, a decree was entered against the defendants in the sum of $1095.00, representing rentals from July 7, 1936, the date of the decease of C. E. Beebe, to December 2, 1942, when the receiver was appointed, less a four month period of vacancy, at the rate of $15.00 per month, and less repairs made by the receiver amounting to $327.00, or the sum of $768.00, together with interest from the date of the entry of the procedendo of the Supreme Court on January 25, 1941, to the date of the decree, amounting to $273.96, making a total of $1041.96, and awarding said complainant in addition thereto, the sum of $332.65, representing the net balance held by the receiver. The defendant having prayed an appeal from such final judgment, but having failed to perfect the same within the time required by law, an order was entered approving the report of the receiver and discharging him from further responsibility as of January 10, 1947. The issuance of a writ of possession to place complainant in possession of said real estate was ordered, execution was awarded against the property of the estate of C. E. Beebe, deceased, to satisfy the judgment and costs, and the Clerk was directed to disburse to the complainant, or her solicitor of record, the funds paid into the Court by the

receiver, and any funds realized on the execution against defendants and the estate of C. E. Beebe, deceased.

The record is here filed for writ of error.

By his assignments of error, John Slack, Executor, now the sole surviving defendant, challenges the findings and judgment of the lower court, generally, and upon particular grounds which shall be embraced, although not specifically enumerated, in our consideration. The findings of fact of the Chancellor, including those contained in his original opinion and others upon request for additional findings of fact, are as follows:

"The testator bequeathed to the complainant 'the property known as 3608 Third Avenue' in Chattanooga. The proof shows that the testator never owned said property, but did, before the will was executed and on the date he died, own the property located at 3607 Third Avenue, that the property at 3607 Third Avenue is the only property he owned in the 3600 block.

'Obviously the testator intended to give complainant a piece of property and without doubt intended to give her the property located in the 3600 block on Third Avenue.

"Since the testator did not own the property at 3608 Third Avenue, he apparently made a mistake in the address of the property he wished to give complainant."

. . . . . . .

"That the will of the testator, Charles E. Beebe, was holographic in form and the error therein was made by the testator himself, that 3607 was the only piece of real estate the testator owned in the 3600 Block on Third Avenue at the time he wrote his will, that the testator before he wrote his will held a mortgage against the property at 3608 to secure a loan of $170.00, but said mortgage was released on March 24th, 1934, more than

eighteen months before his will was written on October 21, 1935, that in 1928 he acquired the property located at 3612 Third Avenue subject to a deed of trust held by the Union Central Life Insurance Company, which was foreclosed on June 27, 1933, that Nos. 2900, owned by the testator at the time of his death, 3608 and 3612 are located on the East side of Third Avenue and 3607 is located on the West side.''

.   .   .   .   .   .   .

''That aside from the will which is in the handwriting of the testator, there is no proof that the testator told complainant that he intended to give her a piece of property on Third Avenue, in the City of Chattanooga; that on the date the will was written and at the time of the testator's death he owned a piece of property located at 2900 Third Avenue.''

The proof clearly establishes the foregoing facts and we accordingly concur with and adopt the findings of the Chancellor in the respects afore indicated.

■ Our view of the case in its present status is that the issues are resolved to a determination of whether or not the proof of record establishes the intention of the testator to will the property at No. 3607 Third Avenue to the complainant in accord with the limitations annunciated by the Supreme Court and the authorities therein referred to. The law of the case is established by the Court in its opinion (Holmes v. Roddy, supra) wherein it is stated ''This court has been rather liberal in the admission of parol evidence to fix the identity of a legatee or devisee under a will where the testator's designation of such legatee or devisee was obscure. See Tarwater et al. v. Baptist Orphans' Home et al., 173 Tenn. 409, 119 S. W. (2d) 919; State ex rel. v. Goodman,

133 Tenn. 375, 181 S. W. 312; Carson v. Carson, 115 Tenn. 37, 88 S. W. 175, and other cases.

"We see no reason why a more rigid rule should be applied with reference to the admission of parol evidence to identify the subject of a devise or legacy when the testator's language is obscure.

"In the case before us the testator declared his purpose to dispose of all his real and personal property, as heretofore set out. He further said that all this property, with the exception of two parcels, was in Chattanooga, Tennessee. The will further showed his intention of disposing of his property on Third Avenue. Had he devised the Third Avenue property, describing it merely as the property or any property on Third Avenue without more, there is no doubt but that parol proof would have been admissible to show that he owned 3607 Third Avenue, and such devise would have been good.

"(2) When the extrinsic circumstances to which the words of this will refer develop that the testator did not own 3608 Third Avenue, it seems to us that a latent ambiguity arises, and parol proof becomes admissible to show that testator did own 3607 Third Avenue and that it was his intention to convey that parcel of real estate to the complainant herein." The Court then went on to review the authorities relating to the subject, and approved the principle adopted in Patch v. White, 117 U. S. 210, 216, 6 S. Ct. 617, 710, 29 L. Ed. 860, saying, "This court prefers to follow Patch v. White, supra, rather than contrary decisions, on account of its sound reasoning and carefully guarded language and because that decision is quite in harmony with the views heretofore expressed by us in considering cases where the designation of a particular devisee or donee was involved in ambiguity."

Without referring in further detail to the former phase of this case upon appeal, it appears clear to us that the proof establishes the clear intent of the testator to have been to devise to the complainant the property located at 3607 Third Avenue. It is shown that the testator had no vested interest in No. 3608 Third Avenue at the time he made the will or subsequently, but that there had been a small mortgage on this property in his favor which was released in 1934. He did own, during the years 1935 and 1936, the property described as No. 3607 Third Avenue, the same being Lot No. 17, Block 105, East End Land Company's Addition No. 1, the same having been conveyed to him by one Thelma Gledhill by deed dated August 22, 1933, of record in Book 670 at Page 382 of the Register's Office of Hamilton County, Tennessee. On Auguse 21, 1928, he acquired title to the property described as No. 3612 Third Avenue, being Lot No. 7, Block 104, East End Land Company's Addition No. 1, such title being subject to a deed of trust securing an indebtedness to the Union Central Life Insurance Company; but this deed of trust was foreclosed on June 27, 1933, and the property purchased at foreclosure by Union Central Life Insurance Company. No record appears of any interest or title to said property being vested in the testator subsequent to this date. At the time Mr. Beebe wrote his will and at the time of his death, he owned a house and lot designated as No. 2900 Third Avenue.

It is clear that it was the intention of the testator to leave some property to the complainant, and since he had never owned the property designated as No. 3608 Third Avenue, and did not, at the time of the making of the will, own No. 3612 Third Avenue, but did own 3607 Third Avenue, the same being the only property owned

by him within the 3600 block, Third Avenue, a reason-construction of the will results in a finding of an intention to leave the latter property to the complainant. We do not think that this view is affected by the fact, as stipulated, "That at the time the late Charles E. Beebe executed his will and at the time of his death he owned at least ten pieces of real property in Chattanooga, Hamilton County, Tennessee, that are not specifically devised to any person in his will and passed under the residuary clause of his will and that included in this ten pieces is a house and lot at 2900 Third Avenue, Chattanooga, Tennessee." Neither is it affected by the fact that the testator at one time owned No. 3612 Third Avenue or that he at one time held a mortgage against the property at 3608 Third Avenue. The fact that proof was not adduced or admitted to show that testator had told complainant that he intended to give her the subject property is not essential to the establishment of his intention. In our opinion, that may be etermined from the express language of the will, coupled with the circumstance of his ownership as disclosed by the proof. The property decreed to the complainant by the Chancellor may be clearly distinguished from any of the other parcels of real estate owned by him and not otherwise devised.

We are of the opinion that there is no error in the decree of the Chancellor, either with respect to the property held to have passed under the will of Charles E. Beebe to the complainant, Letha Holmes, or with respect to the amounts of recovery decreed representing the net rents and profits of said property within the period indicated.

The decree of the Chancellor is accordingly in all things affirmed and the cause remanded to the Chancery Court of Hamilton County for the enforcement of all necessary

orders in connection therewith. The defendant and the sureties on his bond for writ of error will pay all costs of the appeal.

McAmis, J., concurs.

Howard, J., did not participate.