IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT KNOXVILLE

FILED

February 28, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

RUTH ANN TRIPP IND. and
as next friend of SHARA
TRIPP and SHAWNA TRIPP,

    Plaintiff-Appellant,

Vs.

DAVID HURST TRIPP, PAMELA
ANN TRIPP AND MILDRED GOODMAN,

    Defendants-Appellees.

Claiborne Chancery No. 10,210
C.A. No. 03A01-9508-CH-00271

_____

FROM THE CLAIBORNE CHANCERY COURT

THE HONORBALE FRANK V. WILLIAMS, CHANCELLOR


Clinton R. Anderson of Morristown
For Appellant

Clarlie Allen of Oneida
For Appellees


VACATED AND REMANDED


W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.


CONCUR:

ALAN E. HIGHERS, JUDGE

DAVID R. FARMER, JUDGE

This is primarily a will contest suit brought by Ruth Ann Tripp, the widow of Douglas Tripp, a deceased beneficiary under the will of Nelia Hurst, deceased. Ms. Tripp brought suit in her own behalf and on behalf of the deceased beneficiary's two minor grandchildren. The complaint seeks construction of the Nelia Hurst will to determine ownership of certain real property described in the complaint. The suit also seeks a determination of plaintiff's rights to a driveway easement granted to her by deed. The defendants are David Hurst Tripp, a brother of Douglas Tripp, and his wife, Pamela Ann Tripp, and Mildred Goodman, the daughter of Nelia Hurst and the mother of David and Douglas Tripp.

Nelia Hurst died April 16, 1990, and her last will and testament dated March 1, 1988, was admitted to probate by order entered April 24, 1990. Although the will is handwritten, the signatures of two witnesses appear thereon, and the will was probated as an attested will upon the testimony of one of the attesting witnesses. The will, as pertinent to the inquiry before us, provides:

> I Nelia Hurst being of sound mind do hereby bequeath as follows to my grandsons Douglas Tripp and David Tripp I leave my land it is deeded already at my death to them   also I leave a money certificate in the amount of twenty five thousand seven hundred and twenty dollars & forty one <u>cts</u> to be divided equally

A photocopy of the will is attached as an addendum to this opinion.

Plaintiff asserts that the will devised all of Nelia Hurst's real property to her two grandsons, David Tripp and Douglas Tripp, and that she and the minor grandchildren are tenants in common with David Tripp. After a nonjury trial, the chancellor entered the following order:

> This cause came to be heard on the 1st day of June, 1995, before the Honorable Frank Williams, Chancellor, sitting by interchange, upon the plaintiff's motion to amend the Judgment, and the Counter-Claim of the

2

defendant Mildred Goodson, at which time, after argument of counsel, the Court found:

That the result of the Court's ruling that there was a latent ambiguity in the Last Will and Testament of Nelia Hurst, and the reference to the unrecorded deeds found in the bank safety deposit box, was that as between the parties. David Tripp is the owner of the property.

That the parties made an agreement concerning the right of way easements; that the agreement was valid; and, that the old right of way was extinguished by virtue of the deed granting a new right of way.

That a stay should be granted pending appeal so that the status quo is not disturbed, and the plaintiffs' right to use the existing driveway is not interfered with.

The defendant, Mildred Goodson, [sic] withdrew her claim concerning insurance proceeds, and the counter-claim should be dismissed.

IT IS THEREFORE ORDERED:

1. As between the parties, David Tripp is the owner of the real property described in the Complaint, by virtue of the Last Will and Testament of Nelia Hurst.

2. That the original right of way contained in that deed from Nelia Hurst to Douglas Tripp dated June 27, 1977 was extinguished by agreement of the parties in consideration of the new driveway easement.

3. A stay is granted under TRCP 62 pending appeal, and the defendants may not interfere with the plaintiffs' use of the existing driveway. No bond is required.

4. The Counter-Claim of Mildred Goodson [sic] is dismissed.

Plaintiff has appealed and presents five issues for review:

1. Did the Trial Court err in considering extrinsic evidence in the construction of the Last Will of Nelia Hurst, when the parties, through their attorneys, agreed that the Will was not ambiguous?

2. Did the Last Will of Nelia Hurst contain a latent ambiguity which allowed the introduction of extrinsic evidence in the construction of the Will?

3.  Did the Trial Court err in incorporating into the Will, unrecorded deeds not described in the Will?

4.  What land did Nelia Hurst devise to her grandsons?

5.  Was that [sic] right of way granted in the deed from Nelia Hurst to Doug Tripp and wife Ruth Ann Tripp dated June 27, 1977, extinguished by agreement?

Plaintiff's first issue asserts that the defendants' attorney, in his opening statement, agreed that the will in question was unambiguous, and therefore, the trial court erred in considering extrinsic evidence in the construction of the will. Plaintiff argues that defendants should have been bound by the admission, and for that reason not allowed to introduce extrinsic evidence. We disagree. Rule 803, Tenn.R.Evid., applies to the admissibility of admissions by parties and allows the introduction of "a statement by a person authorized by the party to make a statement concerning the subject . . . ." The rule concludes, "Statements admissible under this exception are not conclusive."

The Advisory Commission Comments state:

> The final sentence is intended to abolish the distinction between evidentiary and judicial admissions. Unless made conclusive by statute or another court rule, such as T.R.C.P. 36.02 on requests for admission, all party admissions are simply evidentiary, not binding, and are subject to being explained away by contradicting proof.

In the case before us, we are dealing with oral assertions made by counsel in open court, and it is apparent that counsel withdrew the earlier statement. Therefore, defendants' counsel was free to argue and introduce evidence that the will was ambiguous. This issue is without merit.

The second issue for review is:

> 2.  Did the Last Will of Nelia Hurst contain a latent ambiguity which allowed the introduction of extrinsic evidence in the construction of the Will?

Plaintiff asserts that there is no ambiguity, and that therefore, no

4

extraneous evidence should have been considered by the court. However, in forwarding this argument, plaintiff completely disregards the words "it is deeded already" which appear to be words of description. In order to determine which land is "deeded already" and therefore which land is devised by the will, the description of the land must be ascertained from the deeds in question. Parole evidence is admissible to explain a latent ambiguity in a will. *Holmes v. Roddy*, 176 Tenn. 624, 144 S.W.2d 788 (1940). In *Roddy*, the Court defined a latent ambiguity as one:

> "[W]here the equivocality of expression, or obscurity of intention does not arise from the words themselves, but from the ambiguous state of extrinsic circumstances to which the words of the instrument refer, and which is susceptible of explanation by the mere development of extraneous facts, without altering or adding to the written language, or requiring more to be understood thereby than will fairly comport with the ordinary or legal sense of the words and phrases made use of."

*Id.* at 789 (quoting *Weatherhead v. Sewell*, 28 Tenn. (9 Hum.) 272 (1848)).

The Court went on to say:

> This court has been rather liberal in the admission of parol evidence to fix the identity of a legatee or devisee under a will where the testator's designation of such legatee or devisee was obscure. (citations omitted).
>
> We see no reason why a more rigid rule should be applied with reference to the admission of parol evidence to identify the subject of a devise or legacy when the testator's language is obscure.

144 S.W.2d at 789.

The language of the will, "it is deeded already at my death," is a term of description which necessarily refers to extrinsic facts for ascertainment of the description. It was proper for the trial court to consider the extrinsic evidence to determine the description of the property involved. *See M'Corry v. King's Heirs,*

22 Tenn. (3 Hum.) 266 (1842).

We will consider Issues 3 and 4 together:

> 3. Did the Trial Court err in incorporating into the Will, unrecorded deeds not described in the Will?

> 4. What land did Nelia Hurst devise to her grandsons?

It is conceded that at the time of Nelia Hurst's death she owned a 60 acre tract of land, as described in the complaint. She also owned a 24 acre tract of land, described in the complaint, less two home-place lots previously deeded in fee simple in 1977 to David Tripp and wife, and Doug Tripp and wife, respectively.

The extraneous evidence considered by the court consisted of the above-mentioned 1977 deeds and two deeds executed by Nelia Hurst in 1972. One of the 1972 deeds conveyed an eight acre tract to David Tripp, and the other deed conveyed an eight acre tract to Douglas Tripp. These eight acre tracts were part of the 24 acre tract described in the complaint. Each deed reserved a life estate to Nelia Hurst, and each deed conveyed to the grantee (David Tripp in one instance and Douglas Tripp in the other), a life estate which would ripen into a fee simple estate if the grantee left "bodily heirs." The deeds provided that in the event a grantee did not leave bodily heirs, his interest would revert to the other grandson. The deeds were placed in bank lock boxes and were not discovered until after Nelia Hurst's death. The parties apparently concede that the deeds were not delivered, and no one is making any claim to the property by virtue of the deeds. The proof also established that Douglas Tripp left no bodily heirs.

The cardinal rule in construction of all wills is that the court shall seek to discover the intention of the testator and give effect to that intention unless it contravenes some rule of law or public policy. *Presley v. Hanks*, 782 S.W.2d 482,

6

487 (Tenn. App. 1989). The testator's intention is to be ascertained from the particular words used in the will itself, from the context in which those words are used, and from the general scope and purposes of the will read in light of the surrounding circumstances. *Id.* Every will is *sui generis* and therefore references to other cases involving the testator's intention are usually of little assistance in construing and interpreting wills. *Id.* In determining a testator's intention, a court must look to the entire will, and the testator's intention must be determined from what he or she has written. *Id.* at 488.

The trial court, in reaching its decision that David Tripp is the owner of the land by virtue of Nelia Hurst's will, apparently incorporated the 1972 deeds into the will in their entirety instead of as a mere descriptive device. From the language used we do not think that this was the testatrix's intent.

Prior to executing her will in 1988, Nelia Hurst executed the 1972 deeds which would defeat the title of the grantees upon dying without "bodily heirs." In 1977, however, the testatrix executed deeds to each of her grandsons and their wives conveying in fee simple, property to be used as a homeplace. The 1977 deeds provide some evidence that the testatrix's intent that her land descend only to bodily heirs had diminished or disappeared. In any event, in 1988 when the testatrix made her will, she specifically bequeathed the land without any limitation or restriction. The term "it is deeded already at my death" is a descriptive term calling for extrinsic evidence to determine what property is devised and does not purport to limit the estate given to the grandsons. As previously noted, the parties make no claim under the 1972 deeds, apparently believing they were inoperative to convey the property because they were not delivered.

The testatrix specifically "bequeathed" to her grandsons the land that was

7

described in the 1972 deeds which are the only deeds to the grandsons that purport to "take effect" upon Nelia Hurst's death. She did not propose by the language of her will to place limitations on this bequest.

T.C.A. § 32-3-102 (1984) provides:

> 32-3-102. Devise of land. - Every devise shall convey the entire estate of the testator in the lands, unless the contrary intent plainly appear from the words and context of the will.

From a review of the will as a whole, it does not "plainly appear" that the testatrix intended to convey less than fee simple title to the particular land involved. Accordingly, we construe Nelia Hurst's will to devise to Doug Tripp in fee simple the eight acre tract of land described in the 1972 deed to Doug Tripp which was admitted into evidence in this case.

The last issue for review, as stated in appellant's brief, is:

> 5. Was that [sic] right of way granted in the deed from Nelia Hurst to Doug Tripp and wife Ruth Ann Tripp dated June 27, 1977, extinguished by agreement?

The 1977 deed executed by Nelia Hurst to Doug Tripp and his wife (plaintiff) included a right of way across Nelia Hurst's property to a public road. Subsequent to Nelia Hurst's death, David Tripp executed to plaintiff a deed enlarging the homeplace lot that Nelia Hurst had previously conveyed in the 1977 deed. The deed from David Tripp contained a new right of way across his property to the public road. The deed makes no reference to the previously granted right of way. Defendants assert that there was an agreement "to extinguish the existing right of way," but the record contains no evidence to support this assertion. From an examination of the record, we find that the evidence preponderates against the trial court's finding that the previous easement or right of way was extinguished by agreement.

Accordingly, the judgment of the trial court is vacated, and the case is

8

remanded to the trial court for entry of judgment that the Nelia Hurst will devises to Doug Tripp[1] in fee simple the eight acre tract of land described in the 1972 deed to Doug Tripp.  Costs of the appeal are assessed against appellees.

_____

W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.

CONCUR:


_____

ALAN E. HIGHERS, JUDGE


_____

DAVID R. FARMER, JUDGE

---

[1]Doug Tripp died May 19, 1991, subsequent to Nelia Hurst's death.